IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



OLD DOMINION UNIV. RESEARCH FOUND.,

    **Plaintiff-**
    **Counterclaim Defendant,**

v.                                                     Civil Action No. 2:14cv305

AQUA TERRA INT'L, LLC,

    **Defendant-**
    **Counterclaim Plaintiff.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff-Counterclaim Defendant Old Dominion University Research Foundation's ("ODURF") Motions to Dismiss Defendant-Counterclaim Plaintiff Aqua Terra International LLC's ("Aqua Terra") Counterclaim, Doc. 26, and Motion to Strike the First Affirmative Defense of the Amended Answer, Doc. 27. The issues are fully briefed, and a hearing will not aid the decisional process. For the reasons stated herein, the Court **DENIES** the Motions.

### I.    BACKGROUND[1]

A complete background of the case can be found in the Court's November 5, 2014 Opinion and Order. Old Dominion Univ. Research Found. v. Aqua Terra Int'l, LLC, No. 2:14cv305, 2014 WL 5790944 (E.D. Va. Nov. 5, 2014). In this Opinion and Order, the Court denied a motion to dismiss, granted a motion for more definite statement, and granted in part a motion to strike. Id. at *1.

---

[1] "In considering a motion to dismiss, [the Court] accept[s] as true all well-pleaded allegations and view[s] the complaint in the light most favorable to the [non-moving party]." Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)). The Court cautions, however, that the facts alleged by the parties are recited here for the limited purpose of deciding the instant Motions. The recited facts are not factual findings upon which the parties may rely for any other issue in this proceeding.

On November 7, 2014, Aqua Terra filed its Amended Answer and Amended Counterclaim. The parties agree for the purposes of the instant Motions, the allegations concerning the counterclaim of fraud and the affirmative defense of fraud are identical. The amended pleadings sought to remedy the defects the Court found in the original answer and counterclaim, by more specifically identifying the alleged fraudulent statements, and removing post-contractual misrepresentations.

On November 18, 2014, ODURF filed the instant Motions, as well as an Answer to the Amended Counterclaim. Aqua Terra responded in opposition to the Motions on December 2, 2014. Doc. 30. ODURF filed its reply brief on December 8, 2014. Doc. 31.

## II. LEGAL STANDARDS

a. **Motion to Dismiss**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although a court must accept as true all well-pleaded factual allegations, the same is not true for legal conclusions. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

In deciding the motion, a court may consider the facts alleged on the face of the complaint, as well as "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.'" Moore v. Flagstar Bank, 6 F. Supp. 2d 496, 500 (E.D.

Va. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (1990)). The court may look to documents attached to the Complaint and those incorporated by reference without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. See Pueschel v. United States, 369 F.3d 345, 353 n.3 (4th Cir. 2004) (citations omitted).

**b.     Motion to Strike**

"Whether to grant a motion to strike under Rule 12(f) is within the sound discretion of the district court." Grant v. Bank of America, N.A., No. 2:13cv342, 2014 WL 792119, at *2 (E.D. Va. Feb. 25, 2014) (internal quotation marks and citation omitted). "To grant a Rule 12(f) motion, the court must determine that the challenged allegations are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." Id. at *2 (internal quotation marks and citation omitted). "A plaintiff may demonstrate prejudice if the answer unclearly articulates to which claims the affirmative defenses apply." Francisco v. Verizon South, Inc., No. 3:09cv737, 2010 WL 2990159, at *5 (E.D. Va. July 29, 2010). When granted, the Court should generally grant leave to amend the stricken pleading. Grant, 2014 WL 792119, at *3.

### III.     ANALYSIS

Aqua Terra's Counterclaim alleges two counts in its Amended Counterclaim: the first for actual fraud, and the second for constructive fraud. ODURF moves to dismiss the Amended Counterclaim, and strike the Amended Answer, for the following reasons: (1) that the alleged misrepresentations are not actionable because they are opinions or promises of future performance; (2) Aqua Terra did not reasonably rely upon ODURF's statements; (3) a claim of constructive fraud cannot be based on a fraudulent omission or concealment of material facts;

and (4) Aqua Terra has not complied with the Court's November 5 Opinion and Order because some of the statements in the responsive pleadings still do not meet the requirements of Rule 9(b).

In Virginia, to prove a claim of actual fraud, a party "must prove by clear and convincing evidence '(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled.'" Hitachi Credit America Corp. v. Signet Bank, 166 F.3d 614, 628 (4th Cir. 1999) (quoting Evaluation Research Corp. v. Alequin, 439 S.E.2d 387, 390 (Va. 1994)). An action for constructive fraud occurs when "the misrepresentation of material fact is not made with the intent to mislead, but is made innocently or negligently; the plaintiff must still prove the other elements of actual fraud—reliance and detriment—by clear and convincing evidence." Hitachi, 166 F.3d at 628 (citing Alequin, 439 S.E.2d at 390). "Concealment of a material fact may support a fraud claim under Virginia law only if a party makes a 'knowing and deliberate decision not to disclose a material fact,' and the concealing party 'knows that the other party is acting upon the assumption that the fact does not exist.'" Zaklit v. Global Linguist Solutions, LLC, No. 1:14cv314, 2014 WL 3109804, at *17 (E.D. Va. July 8, 2014).

The Court already found that the original Counterclaim pled a valid cause of action for fraud:

> Taking Aqua Terra's allegations as true, the facts alleged in the Counterclaim concerning the scope of work in the Services Agreement would suffice to establish a valid fraud claim. Aqua Terra alleges that ODURF could not perform its obligations under the Services Agreement and that it knew that it had not developed the technology to enable to production of Specialty Chemicals. Countercl. ¶ 45. Aqua Terra alleges that ODURF knew that Aqua Terra was interested in a commercialized product, and not simply in financing a research project. Id. ¶ 42(k). Aqua Terra has alleged that it relied on ODURF's representations as it was communicating with third parties interested in the Specialty Chemicals, and that it was damaged by expending a large amount of

4

> time and resources in the project. Id. ¶¶ 42; 75. Moreover, Aqua Terra has pled sufficient facts, which if true, could establish the apparent authority of Dr. Hatcher in making these representations.

Old Dominion, 2014 WL 5790944, at *3. The Amended Counterclaim continues to rely on the Services Agreement, and it maintains the same allegations that ODURF knew it could not perform its obligations, that it knew it had not developed the technology as it represented, that it knew Aqua Terra was interested in a commercialized product, that Aqua Terra reasonably relied on ODURF's representations, and that Aqua Terra was accordingly damaged. Am. Countercl. ¶¶ 84–85, 87–93. While not every single allegation in and of itself may lead to a valid fraud claim, the Amended Counterclaim continues to plead what the Court earlier found to be a valid fraud claim. The best method for narrowing the dispute of what particular statements may best support Aqua Terra's fraud theory is discovery, and not repetitive motions to dismiss parts of pleadings.

ODURF further argues that three allegations in the Amended Counterclaim fail to comply with the Court's November 5 Opinion and Order, in that these fail to meet the heightened pleading requirements of Rule 9(b).[2] Its first objection is to paragraph 52, in that Aqua Terra fails to identify to whom Dr. Hatcher made a statement in an e-mail. However, Aqua Terra conveniently cited to Exhibit 8 in paragraph 52. A cursory review of Exhibit 8 shows that it is an e-mail composed by Dr. Hatcher to "Andre," and a further review of Exhibit 7 shows that this particular e-mail is a follow-up to a series of e-mails involving Dr. Hatcher, George Eaton, and Andre Janasik. Thus, Aqua Terra provided the exact type of information, as it pertains to this

---

[2] Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud or mistake." This requires the party to plead facts supporting every element of a fraud claim. Baker v. Elam, 883 F. Supp. 2d 576, 580 (E.D. Va. 2012). The "circumstances" identified in Rule 9(b) "are the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Id. (quoting Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (internal quotation marks omitted)). Simply pleading fraud by hindsight is not enough. Id. Failure to comply with the Rule 9(b) standard is treated as a failure to state a claim under Rule 12(b)(6). Beasley v. FV-I, Inc., No. 1:13cv116, 2013 WL 1192018, at *3 (E.D. Va. Mar. 21, 2013) (quoting Harrison, 176 F.3d at 783 n.5).

statement, which the Court required Aqua Terra to provide in its November 5 Opinion and Order.

The other two objections center on paragraphs 71 and 72, in which Aqua Terra alleges that Dr. Hatcher e-mailed several financial spreadsheets and provided "additional clarifications to guide ShellTek in its financial planning." Am. Countercl. ¶¶ 71–72. Aqua Terra is correct in that these two paragraphs, out of a total one hundred and nine paragraphs, do not provide the contents of the spreadsheets and statements. However, it does identify Dr. Hatcher as the person making the statements, Mr. Eaton as the recipient of the statements, and the date the statements were made. Furthermore, the prejudice to ODURF is not severe as it has already filed a responsive pleading that it does not have sufficient information to either admit or deny the allegations. Moreover, this information should be discoverable from either or both parties as the statements were contained in e-mails. Thus, dismissing an entire pleading for failing to attach a discoverable document, when the Court has found sufficient allegations pleading a valid fraud claim, is unwarranted.[3]

### IV. CONCLUSION

Accordingly, the Court **DENIES** the Motion to Dismiss and the Motion to Strike, Doc. 27.

The Clerk is **REQUESTED** to deliver a copy of this Order to all counsel of record.

---

[3] Moreover, a motion to strike is disfavored as it is often simply a dilatory tactic. Grant, at *3. Thus, striking the allegations, and then granting leave to amend the two paragraphs, as is customary when the Court strikes a pleading, simply will only continue the process of filing pleadings with a trial date of June 9, 2015 approaching. Additionally, the Amended Answer contains the same factual allegations as does the Amended Counterclaim, and thus for the same reasons that the Amended Counterclaim states a valid cause of action for fraud, the Amended Answer sets forth a valid affirmative defense of fraud.

It is so **ORDERED**.

                                         /s/
                            Henry Coke Morgan, Jr.
                            Senior United States District Judge
                            HENRY COKE MORGAN, JR.
                            SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, VA
January 7, 2015